IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAWN BROWN, | : |
| | : |
| Movant, | : NO. 3:CV-07-0166 |
| | : [Crim. No. 04-276] |
| vs. | : |
| | : (JUDGE KOSIK) |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

## MEMORANDUM

Before the court is Lashawn Brown's (hereinafter "Movant") motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. For the reasons that follow, we will deny the motion.

## BACKGROUND

Movant is a prisoner at the Metropolitan Detention Center (MDC) in Brooklyn, New York. The FBI arrested Movant on July 29, 2004, on a criminal complaint alleging conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846. Movant appeared before Magistrate Judge Thomas M. Blewitt on July 30, 2004, and was temporarily detained. (*See* Order of Temporary Detention, Doc. 7). Counsel, Michael Kostelaba, was appointed to represent Movant. (*See* CJA Appointment, Doc. 12). On August 2, 2004, Movant was granted conditional release pending trial. (Doc.16). On August 17, 2004, a federal grand jury indicted Movant on two counts, conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On November 29, 2004, Movant entered a guilty plea to Count 1 of the indictment, conspiracy to distribute cocaine base. (*See* Plea Agreement, Doc. 51, ¶ 1). In the plea agreement, Movant acknowledged that due to the amount of cocaine involved, the maximum sentence Movant faced under Count 1 of the indictment was forty (40) years imprisonment, a $2,000,000.00 fine, and lifetime supervised release. *Id.* He further acknowledged that the offense carried a mandatory minimum sentence of five (5) years of incarceration. *Id.* at ¶ 3. Movant agreed to provide the government "substantial assistance" in exchange for a recommendation that the court depart from the applicable guideline range and mandatory minimum sentence.

The United States Probation Office prepared a pretrial services report and filed same with this court on August 19, 2004. The report indicated that Movant had been convicted of disorderly conduct in Brooklyn, New York. The report indicated that the conviction arose from a June 13, 2003, arrest. The Probation Office subsequently filed a presentence investigation report on March 21, 2005. That report noted that the arrest date for the disorderly conduct was June 2, 2002.[1] In actuality, the arrest date for the disorderly conduct charge was June 27, 2003. (*See* Exhibit to defendant's reply brief, Doc. 81).

Pursuant to the terms of the plea agreement, the government filed a motion for downward departure from the sentencing guidelines. On September 1, 2005, the court granted the government's motion and sentenced Movant to thirty-six (36) months in

---

[1] Neither pretrial services reports, nor presentence investigation reports are docketed.

prison, a four-year term of supervised release, and a $100 special assessment. Movant did not file a direct appeal.

Movant filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence on January 29, 2007. The sole ground for appeal provided by Movant is as follows: "May the District Court Correct the defendant's sentence based upon circumstances that were not clear at the time of sentencing?" (Doc. 77, p. 5). Movant alleges that the "past criminal history report," relied upon by the court in determining Movant's sentence, included a conviction for "depositing fraudulent checks." *Id.* He contends that he was never convicted of the fraudulent check charge. Movant attached a letter from the Kings County, New York District Attorney's Office noting that it had declined prosecution on an arrest of June 2, 2002. (*See* Exhibit to Motion, Doc. 77). Movant explains that he did not pursue a direct appeal of his sentence because his attorney advised him that "there was no grounds for appeal." (Doc. 77, p. 4).

The government suggests that Movant is under the belief that the criminal history section of the presentence investigation report includes a conviction for depositing fraudulent checks. (*See* Reply, Doc. 81). Movant's apparent confusion stems from the erroneous arrest date listed for the conviction for disorderly conduct, June 2, 2002. The government acknowledges the error regarding the disorderly conduct arrest date on the presentence investigation report. The government has provided a certificate of disposition from the New York court showing that Movant pleaded guilty to disorderly conduct charge arising from a June 27, 2003, arrest. (*See* Certificate of Disposition, attached to Doc. 81).

3

## DISCUSSION

The government's chief assertion is that Movant's § 2255 motion is untimely. Specifically, the government contends that Movant failed to file the motion within the one-year limitation period governing motions for collateral relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255. Under the AEDPA, the one-year limitations period is calculated from the occurrence of one of four specified events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a notion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A judgment of conviction becomes final for the purposes of the AEDPA when the Supreme Court denies a defendant's "conviction and sentence on the merits or denies a timely filed petition for certiorari." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). "[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires". *Id.* If, however, a defendant fails to file a direct appeal to the circuit court, the reasoning of *Kapral's* holding suggests that the conviction becomes final when the time for seeking review by the circuit court expires. *See Lee v. U.S.*, 2005 WL 1949441, 2 (E.D. Pa. 2005).

Under Federal Rule of Appellate Procedure 4(b)(1)(A), Movant had ten days after the Judgment of sentence to file a notice of appeal. This court entered judgment on September 1, 2005. Movant did not file a direct appeal within the ten-day period. Additionally, Movant did not request an extension of time to file a notice of appeal. Accordingly, Movant's conviction became final on September 11, 2005, ten days after judgment was entered on Movant's guilty plea.

Movant filed the instant § 2255 motion on January 29, 2007, over sixteen (16) months after his conviction and sentence became final. Movant's § 2255 motion is untimely and must be dismissed. Additionally, we find no circumstances present in the instant motion that indicate that the AEDPA's limitations period should be equitably tolled. *See Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).

As we have determined that Movant's § 2255 motion is untimely, we need not address the substance of the filing. Nonetheless, a cursory review of the motion reveals that it is without merit. Movant's criminal history is not misrepresented in the U.S. Probation Office's presentence investigation report. The report notes that Movant was previously convicted of disorderly conduct, but indicates the wrong arrest date, June 2, 2002, for that offense. Movant does not dispute that he pleaded guilty to the disorderly conduct charge in New York. Rather, he asserts that the presentence investigation report includes a conviction for depositing fraudulent checks resulting from an arrest on June 2, 2002. No such conviction appears in the presentence investigation report. Movant's sole basis for challenging his sentence is without merit. Accordingly, even if Movant's § 2255 motion was not barred by the AEDPA's one-year

5

limitations period, we would deny the motion on the merits.  An appropriate Order is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAWN BROWN, | : |
| Movant, | : NO. 3:CV-07-0166 |
| | : [Crim. No. 04-276] |
| vs. | : |
| | : (JUDGE KOSIK) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

AND NOW, this 16th day of MAY 2007, IT IS HEREBY ORDERED THAT:

(1) Lashawn Brown's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, (Doc. 77) is **DENIED**;

(2) the Clerk of Court is directed to **CLOSE** this case; and,

(3) Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

_____
*s/Edwin M. Kosik*
United States District Judge